IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| 4505 MADISON LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-00590-BCW |
| | ) |
| THE TRAVELERS INDEMNITY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. #9) and Plaintiffs' Motion to Stay (Doc. #24). The Court, being duly advised of the premises, and consistent with the Court's rulings during the December 3, 2020 telephone conference, grants said motion to dismiss and denies said motion to stay.

## BACKGROUND

Plaintiffs 4505 Madison LLC and Fisher Law, LLC ("Plaintiffs") are businesses that own a mixed-use office building in Kansas City, Jackson County, Missouri. Defendant Travelers Indemnity Company of America ("Travelers") is an insurance company from which Plaintiffs purchased a commercial insurance policy for a policy period of November 1, 2018 to November 1, 2019, later renewing the policy to November 1, 2020 ("the Policy").

Under the Policy's terms, Plaintiffs paid a "provisional premium," consistent with the Policy's provision for a "Premium Audit." Section I(5) of the Policy states Travelers "will compute all premiums . . . in accordance with our rules and rates," and any "advance premium is a deposit

1

premium only," for which Travelers would conduct a premium audit to compute the earned premium for a particular time frame, with any excess premium payment returned to the insured.

During the Policy period, national, state, and local governments responded to the novel coronavirus disease outbreak, issuing stay at home orders to limit the virus's communal spread. The stay at home orders and attendant temporary closures of essential and non-essential businesses reduced Plaintiffs' business operations and those of Plaintiffs' tenants. Plaintiffs allege these reductions, in turn, also reduced Plaintiffs' exposure to potential claims under the Policy, and this reduction should be reflected in its premiums charged and owed.

Specifically, Plaintiffs allege the Policy provides for a premium audit to account for any change in circumstances pertaining to the amount of premium owed, "in accordance with [Traveler's] rules and rates," and the Policy obligates Travelers to return to Plaintiffs any excess, unearned premiums.

Travelers has not, for Plaintiffs or any other insureds similarly-situated, re-evaluated the appropriate premiums owed under the Policy in light of COVID-19, has not conducted any premium audits in response to COVID-19, and has not returned to Plaintiffs any excess premiums paid to account for the reduced insurance exposure.

Based on the foregoing, Plaintiffs allege class action claims against Travelers for (I) breach of contract; (II) breach of good faith and fair dealing; (III) unjust enrichment; (IV) money had and received; and (5) declaratory and injunctive relief. (Doc. #1).

On September 10, 2020, Travelers filed the instant motion to dismiss the complaint, and alternative motion to strike Plaintiffs' class allegations. (Doc. #9). Travelers argues Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(6). (Doc. #10). First, Travelers argues Plaintiffs received, and are continuing to receive, their bargained-for benefit under the Policy.

Second, Travelers argues the Policy delineates Travelers' use of its rules and rates to calculate the premium owed, and those rules and rates do not account for any adjustment to premiums based on reduced business, whether attributable to the pandemic or some other cause. Third, Travelers argue Plaintiffs' claims are not properly before this Court because they have not exhausted their administrative remedies with the Missouri Department of Insurance. Fourth, Travelers argues equitable claims alleged in Counts II, III, and IV should be dismissed because Plaintiffs received, and are continuing the receive, their bargained-for benefit under the Policy. Fifth, Travelers argues Plaintiffs' declaratory judgment claim cannot survive where there is an adequate remedy at law, and Plaintiffs' breach of contract claim would, if successful, confer the relief sought. Travelers otherwise asks the Court to dismiss or strike Plaintiffs' class allegations. Plaintiffs filed opposition suggestions to the motion to dismiss (Doc. #19) and Travelers filed a reply. (Doc. #20).

While Travelers' motion to dismiss was pending, Plaintiffs filed a motion to stay. (Doc. #24). Plaintiffs proposed a stay of the above-captioned matter, pending the decision of the Court of Appeals for the Eighth Circuit in Alissa's Flowers, Inc. v. State Farm & Fire Casualty Co., No. 2:20-CV-04093-BCW. In Alissa's Flowers, the Court granted State Farm's motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies; the plaintiff in that case appealed this Court's ruling.

In this case, Plaintiffs assert their claims "concern the same subject matter, namely, whether Plaintiffs are entitled to a refund of insurance premiums." (Doc. #24). Plaintiffs further assert the Eighth Circuit's decision in Alissa's Flowers "will provide the parties and the Court with guidance as to the proper scope of these claims," and a stay of the instant matter will thus conserve resources. Travelers filed opposition suggestions to the motion to stay. (Doc. #27).

3

Consistent with the Court's indications during the telephone conference discussion on December 3, 2020, the Court is not, in the exercise of its discretion, inclined to stay Plaintiffs' claims pending the Eighth Circuit's ruling in Alissa's Flowers. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Appellate briefing has only recently begun before the Eighth Circuit in Alissa's Flowers, such that the issue is not yet submitted for the Eighth Circuit's consideration. The Court thus denies Plaintiffs' motion to stay against Travelers.

As Plaintiffs' motion to stay makes plain, Plaintiffs' claims against Travelers concern the same subject matter that this Court considered in Alissa's Flowers. Though Travelers sets forth multiple bases for why Plaintiffs' claims are insufficient under Fed. R. Civ. P. 12(b)(6), the Court finds, like in Alissa's Flowers, Plaintiffs' failure to exhaust administrative remedies is dispositive of the motion to dismiss.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citation omitted).

## ANALYSIS

Travelers argues Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies because Plaintiffs have not completed the administrative process associated with

4

challenging an insurer's rules and rates, which are necessarily implicated by Plaintiffs' claims purporting to challenge premiums. In opposition, Plaintiffs argue (1) their claims challenge the amount of premiums owed under the Policy and are unrelated to Travelers rules and rates; (2) the Missouri Department of Insurance ("DOI") does not have jurisdiction to regulate premiums in the commercial insurance context; and (3) the DOI's administrative review procedures are not compulsory.

A federal district court sitting in diversity applies the substantive law of the state in which it sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Generally, regulation of insurance is a matter of state law. United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533 (1944); Gohagan v. Cincinnati Ins. Co., 809 F.3d 1012 (8th Cir. 2016). Missouri's statutory scheme for the regulation of "Insurance Other than Life" is set forth in Chapter 379. Mo. Rev. Stat. Ch. 379.000, et seq., and excessive premiums are prohibited therein. Mo. Rev. Stat. § 379.356.

The first issue relevant to Traveler's motion to dismiss for failure to exhaust administrative remedies is the nature of Plaintiffs' claims. Missouri's regulatory scheme for insurance "provides an exclusive administrative remedy for rate complaints." McClain v. Shelter Gen. Ins. Co., No. 97-1139-CV-W-FJG, 2007 WL 844769, at *7 (W.D. Mo. Mar. 16, 2007).

Travelers argues Plaintiffs' claims alleging overpaid premiums necessarily challenge Travelers' rates because under the Policy, the parties agreed Travelers would "compute all premiums for this policy in accordance with our rules, rates, rating plans, premiums, and minimum premiums." (Doc. #10-1 at 10-11). In opposition, Plaintiffs argue their claims are rooted in language of the Policy, which provides for the return of excess premiums to the insured.

Plaintiffs cite Lafollette v. Liberty Mutual Fire Insurance Co., 139 F. Supp. 3d 1017 (W.D. Mo. Oct. 19, 2015), to support Plaintiffs' assertion they "seek relief only as a result of an

5

overcharge" under the Policy's terms based on a change in circumstances due to the pandemic. (Doc. #19).

Even construing Plaintiffs' claims as an action stemming from the Policy language, Plaintiffs challenge the amount of premiums paid. In contrast with Lafollette, wherein the Court observed the plaintiffs were not challenging the premium amount, the allegations of Plaintiffs' complaint and argument in opposition to the motion to dismiss demonstrate Plaintiffs specifically seek to challenge the amount of premium paid to Travelers. Lafollette, 139 F. Supp. 3d at 1026.

Under the Policy language, Travelers' calculation of premiums was to be based on its rules and rates. Saunders v. Farmers Ins. Exch., 440 F.3d 940, 943 (8th Cir. 2006); Mo. Rev. Stat. § 379.321.6(1). While the Court agrees with Plaintiffs that the terms "rates" and "premiums" are not interchangeable, under the Policy language from which Plaintiffs' claims stem the calculation of premiums relies on the insurer's rates such that a challenge to the amount of premium is necessarily a challenge to the insurer's rates as well.

Having concluded Plaintiffs' claims implicate Travelers' rules and rates, the Court next considers whether exhaustion of administrative remedies before the DOI is a prerequisite to suit.

Travelers argues because Missouri follows the exhaustion of administrative remedies doctrine, and Mo. Rev. Stat. § 379.348 sets forth the exclusive administrative remedy for challenges to an insurer's rates, Plaintiffs' claims should be dismissed. Plaintiffs argue the DOI does not have jurisdiction to regulate commercial insurance premiums or rates which are filed for informational purposes only and need not be approved by the DOI as a condition for use, Mo. Rev. Stat. § 379.321.6(1), and even if § 379.348 sets forth an exclusive administrative remedy for an insured challenging an insured's rates, the administrative process is voluntary and is not a prerequisite to suit.

6

Case 4:20-cv-00590-BCW   Document 32   Filed 02/23/21   Page 6 of 10

The Court considers these issues under the assumption that a private right of action exists in the event an insured would seek to challenge an insurer's rate as discriminatory or unreasonable. Saunders, 440 F.3d at 946 n.3 (Missouri insurance statutes silent as to whether private right of action exists to challenge rates).

"Any individual, corporation, firm . . . or any similar entity . . . aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insured or rating organization may request the insurer or rating organization to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded him." Mo. Rev. Stat. § 379.348. The statue further provides the insured should request the review in writing and if the request is not granted within 30 days, the insured may properly treat the request to review the rate as rejected. Mo. Rev. Stat. § 379.348. Thereafter, the insured "may file a written complaint and request a hearing with the director, specifying the grounds relied upon." Mo. Rev. Stat. § 379.348. The "director of the department of commerce and insurance" may or may not grant a hearing. Mo. Rev. Stat. §§ 379.348, 379.005(b). "Otherwise, and if [the director] finds that the complaint charges a violation of section 379.017 and sections 379.316 to 379.361 and that the complainant would be aggrieved if the violation is proven, he shall proceed as provided in section 379.346. Mo. Rev. Stat. § 379.348.

Section 379.346 provides for the director to hold a hearing relating to a rate or rule challenge. Sections 379.316 through 379.361 set forth regulations applicable to insurance companies doing business in Missouri. Mo. Rev. Stat. § 379.316.

Under § 379.316.3, "commercial property and commercial casualty insurance policies are subject to rate and form filing requirements as provided in section 379.321." Mo. Rev. Stat. § 379.316.3

"Every insurer shall file with the director, except as to commercial property or commercial casualty insurance as provided in subsection 6 of this section, every manual of classifications, rules, underwriting rules and rates, every rating plan and every modification of the foregoing which it uses and the policies and forms to which such rates are applied. [ . . . .] Mo. Rev. Stat. § 379.321.1. "[N]o insurer shall make or issue a policy or contract except pursuant to filings which are in effect for that insurer or pursuant to section 379.017 and section 379.316 to 379.361," "[e]except as to commercial property or commercial casualty insurance as provided in subsection 6 of this section." Mo. Rev. Stat. § 379.321.2.

Subsection 6 states the different requirements for filings with the DOI applicable to commercial property and commercial casualty insurance. Mo. Rev. Stat. § 379.321.6. This subsection has 11 subparts; the Court specifically notes only subparts 1 and 10 as follows:

(1) commercial rates are filed with "the director for informational purposes only within ten days of use. Such rates are not to be reviewed or approved by the department of commerce and insurance as a condition of their use." [ . . . .]

(10) "nothing in this subsection shall limit the director's authority over excessive, inadequate, or unfairly discriminatory rates or affect the application of any laws governing unfair practices, or the content of policy forms . . . ." Mo. Rev. Stat. § 379.321.6(1), (10).

In addition to these distinctions for the regulation of rates for commercial property and commercial casualty insurance set forth in the statutory scheme's general provisions, regulations specific to "Commercial Casualty Insurance," are set forth in Mo. Rev. Stat. § 379.882 to 379.895.

The definitions section for § 379.888 to 379.893 defines "rate" as "a monetary amount applied to the units of exposure basis assigned to a classification and used by an insurer to determine the premium for an insured." Mo. Rev. Stat. § 379.888.1(7). Mo. Rev. Stat. § 379.889

8

Case 4:20-cv-00590-BCW   Document 32   Filed 02/23/21   Page 8 of 10

provides commercial casualty insurance "rates shall not be excessive, inadequate, or unfairly discriminatory." An excessive rate is one which is unreasonably high for the coverage. Mo. Rev. Stat. § 379.889.

Mo. Rev. Stat. § 379.890 requires a commercial insurer to provide to the DOI actuarial data, "whenever requested by the director to determine whether rates are excessive, inadequate, or unfairly discriminatory."

As set forth above, Missouri has distinct regulatory requirements for commercial property and commercial casualty insurance, including delineating that a commercial insurer's rates are filed with the DOI for informational purposes only. However, while the Missouri regulatory scheme has certain statutes specifically applicable in the commercial insurance context, these statutes do not provide for a separate review mechanism. To the contrary, § 379.321.6(10) reserves the director's authority over excessive, inadequate, or discriminatory rates, despite the surrounding subsections otherwise distinguishing the regulation of commercial insurance. The Court thus finds the administrative review process set forth in Mo. Rev. Stat. § 379.348 applies equally in the commercial insurance context and to Plaintiffs' claims.

Though Plaintiffs argue proceeding through the steps of administrative review by the DOI as set forth in §379.348 is voluntary and not a prerequisite to judicial review, Missouri follows the exhaustion of administrative remedies doctrine. Lederer v. Mo. Dir. of Div. of Aging, 865 S.W.2d 682, 684 (Mo. Ct. App. 1993) (where a remedy before an administrative agency is available, such administrative remedy must be exhausted before the court may properly act); Shafinia v. Nash, 372 S.W.3d 490, 493 (Mo. Ct. App. 2012).

The Court thus finds Plaintiffs' claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), and otherwise declines to consider Travelers' other arguments. M.P. ex rel. K. & D.P. v.

9

Case 4:20-cv-00590-BCW   Document 32   Filed 02/23/21   Page 9 of 10

Indep. Sch. Dist. No. 721, 439 F.3d 865, 868 (8th Cir. 2006) (failure to exhaust equates to lack of subject matter jurisdiction). Accordingly, it is hereby

ORDERED Defendant's Motion to Dismiss (Doc. #9) is GRANTED. It is further

ORDERED Plaintiffs' Motion to Stay (Doc. #24) is DENIED.

IT IS SO ORDERED.

DATED: February 23, 2021

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT
